UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00013-GNS-HBB

KENETT G.                                                                                          PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                                            DEFENDANT

## ORDER

This matter is before the Court on the Plaintiff's Objection (DN 17) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 16).

### I.   BACKGROUND

On January 20, 2022, Plaintiff Kenett G. ("Plaintiff") filed a protective Title II application for disability insurance benefits. (Admin. R. 152-54, 157-59, DN 6). Plaintiff alleged that her disability began on September 14, 2016,[1] due to "restless leg syndrome, insomnia, chronic fatigue, back issues, fluid on the spine, fibromyalgia, chronic pain, depress restrictions sitting, standing, walking, [and] climbing[.]" (Admin. R. 72). Her application was denied initially and again upon reconsideration. (Admin. R. 72-88). Plaintiff then requested and was granted a hearing with an ALJ. (Admin. R. 108-12).

Following the hearing, the ALJ issued a written decision determining that Plaintiff was not under a disability from January 15, 2021, through March 31, 2023, which was the last date insured. (Admin. R. 30). After Plaintiff's request for review of the ALJ's decision was denied, the ALJ's decision became the final decision of the Commissioner of Social Security. (Admin. R. 1-6). Plaintiff then filed this action appealing that decision. (Compl., DN 1). The matter was then referred

---

[1] During the hearing before the administrative law judge ("ALJ"), Plaintiff amended her onset date to be January 15, 2021. (Admin. R. 55).

1

to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (R. & R. 1, DN 16). The Magistrate Judge filed Findings of Fact, Conclusions of Law and Recommendation ("R. & R.") in which it was recommended that the ALJ's decision be affirmed. (R. & R. 13). Plaintiff objected to the R. & R.[2] (Pl.'s Obj. R. & R., DN 17 [hereinafter Pl.'s Obj.]).

## II.  STANDARD OF REVIEW

Upon timely objection to a Magistrate Judge's proposed finding of fact and recommendations for disposition produced under 28 U.S.C. § 636(b)(1), the Court is generally required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). There is an exception to this general rule, however, when an objection "merely incorporates portions of a [party]'s prior motion . . . ." *United States v. Ickes*, No. 1:15-CR-00004-GNS-2, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citation omitted). Such an objection does not rise to the level of a "'specific written objection[s] to the proposed findings and recommendations' as required by Rule 72(b)(2)." *Id.* (alteration in original) (citation omitted). "[A] reexamination of the exact same argument that was presented to the magistrate judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Id.* (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th

---

[2] Throughout Plaintiff's objections, she refers to the Magistrate Judge as "Magistrate." "Since 1991 the proper title is 'Magistrate Judge.' If counsel wishes to shorten the title, normally it is shortened to 'Judge' and not 'Magistrate.' Counsel would certainly not refer to a Bankruptcy Judge as 'Bankruptcy' or call a Lieutenant Colonel in the Army 'Lieutenant.'" *Lannom v. Wild*, No. 3:12-MC-0051, 2012 WL 4757948, at *1 n.1 (M.D. Tenn. Aug. 21, 2012); *see also United States v. Higby*, 544 F. Supp. 3d 861, 862 n.1 (S.D. Iowa 2015) ("To avoid confusion with state court justices of the peace or other part time judicial officers with relatively little responsibility, Congress changed the title for Article I judicial officers from 'Magistrate' to 'Magistrate Judge'. . . . They should be referred to as 'Magistrate Judge'. They work in the United States District Court."). "[T]he role of [] [magistrate judges] in today's federal judicial system is nothing less than indispensable." *Gov't of V.I. v. Williams*, 892 F.2d 305, 308 (3d Cir. 1989).

Cir. 1991)).  When presented with an objection that only repeats arguments raised to the Magistrate Judge, the Court should review the objection only for clear error.  *Id.*; *accord Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error."  (alteration in original) (quoting *Barratt v. Joie*, No. 96CIV0324LTSTHK, 2002 WL 335014, at *1 (S.D.N.Y. 2002))).  "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed."  *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Upon review of the administrative decision underlying a Magistrate Judge's report and recommendation, the Court must consider:  "(1) 'whether the findings of the ALJ are supported by substantial evidence' and (2) 'whether the ALJ applied the correct legal standards.'"  *Chaney v. Kajikazi*, No. 5:21-CV-112-TBR, 2022 WL 3586213, at *2 (W.D. Ky. Aug. 22, 2022) (quoting *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016)).  "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation marks omitted) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).  "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently and even if substantial evidence also supports the opposite conclusion."  *Id.* (internal citations omitted) (quoting *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011)).

### III.     DISCUSSION

Plaintiff contends that the Magistrate Judge erroneously concluded that there was substantial evidence to support the ALJ's determination that the decision of the consultative examiner, Jennifer Fishkoff, Psy.D. ("Dr. Fishkoff"), was persuasive. (Pl.'s Obj. 3-4). As this Court has explained:

> Administrative Law Judges [] [] evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 404.1520c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.

*Blenda L. v. O'Malley*, No. 1:23-CV-00098-GNS-HBB, 2024 WL 37410163, at *4 (W.D. Ky. May 30, 2024) (20 C.F.R. § 404.1520c(c)(1)-(5)). Under these regulations, supportability and consistency are "the most important factors" when considering the weight accorded a medical source's medical opinions. 20 C.F.R. § 404.1520c(b)(2). In addition, ALJs must explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. *See* 20 C.F.R. § 404.1520c(b)(2). ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 404.1520c(b)(2).

With respect to supportability, these regulations state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In short, supportability "refers to how the medical source's opinion is supported by the objective medical evidence and supporting explanations provided by that medical source." *Chaney*, 2022 WL 3586213, at *3 (citations omitted). With respect to consistency, these regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

In the R. & R., the Magistrate Judge stated:

ALJ Johns found that[:]: [] []

> [Dr. Fishkoff's] findings are inconsistent with the overall medical evidence of record, which shows largely unremarkable mental status findings (See Exs. 2F at 3, 6; 3F at 16, 27, 39, 51, 63, 75-76, 93, 106, 128, 140, 152, 166, 178, 189, 202, 216, 229, 244, 256, 268, 280, 292, 304, 319, 331, 343; 11F at 21, 28, 35, 43, 50, 57, 66; 12F at 15; 13F at 30, 64, 86, 127-128, 130-131, 133-134, 138-139; 15F at 14, 39, 57; 16F at 14, 36, 63, 78, 109, 127, 140, 152, 167, 196).

(Tr. 22). Just as Plaintiff cited to substantial evidence in favor of her position, ALJ Johns also cited to substantial evidence in favor of his determination.

(R. & R. 9). The Magistrate Judge also discussed at length the ALJ's consideration of Exhibits 2F, 3F, 11F, 13F, 15F, and 16F. (R. & R. 9-11). The R. & R. then stated:

> The above cited records by the ALJ represent a significant portion of the total medical records in evidence. These treatment notes in the record do not support the severe mental limitations opined by Dr. Fishkoff as they show that Plaintiff suffered from depression and anxiety, but that her functioning remained intact on the whole. ALJ Johns did not "cherry pick" evidence supporting his determination because he did not fail to "acknowledge evidence that potentially supports a finding of disability." ALJ Johns "acknowledged and analyzed evidence that would have supported a more restrictive RFC" including Dr. Fishkoff's opinion.

(R. & R. 11-12). The Magistrate Judge, therefore, rejected the same argument that Plaintiff reiterates in her objection—that the ALJ "cherry picked" evidence in making a disability determination. (Pl.'s Mem. Supp. Br. 4, DN 9-1 ("Because the ALJ is required to build an accurate and logical bridge from the evidence to the conclusion, the ALJ is not permitted to 'cherry pick' evidence from the record that only supports his or her ultimate conclusion." (internal citations omitted) (citation omitted)); Pl.'s Obj. 4 ("[I]n this case, the ALJ 'cherry picked' any 'normal' findings while the overwhelming evidence shows that those are aberrations and not consistent throughout the record. As such, Magistrate Report and Recommendation contain errors of law and should not be accepted.").

Based on the Court's review, the R. & R. is well-reasoned and explains why the ALJ's decision was supported by substantial evidence. Thus, even assuming that Plaintiff has made a

proper objection,[3] it lacks merit, and the R. & R. did not err in explaining why the ALJ found Dr. Fishkoff's opinion unpersuasive. The objection is overruled.

### IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Objection (DN 17) is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 16) is **ADOPTED**, judgment is **GRANTED** for the Commissioner. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

November 12, 2025

cc:    counsel of record

---

[3] As a sister court has explained:

> A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a [magistrate judge's] suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in [the] context [of 28 U.S.C. § 636(b)(1)].

*Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Therefore, to the extent that Plaintiff is simply repeating an argument previously raised to the Magistrate Judge, the objection is not proper and is overruled.